### A. J. HAND ET AL. v. THE STATE.

*No. 6492.    Decided June 1.*

1.  **Practice—Recognizance—Amendment.**—A bail bond or recognizance which binds the principal absolutely without any condition as to his appearance, and which does not bind the sureties, is more onerous than the law requires.

2.  **Same.**—A recognizance can not be amended, *nunc pro tunc*, as to intrinsic matter without notice to both the principal and the sureties.

3.  **Same.**—After amendment for intrinsic defects a recognizance can be forfeited only as an original recognizance, and by the same proceeding.

APPEAL from the District Court of Bosque.    Tried below before Hon. J. M. Hall.

The recognizance in this case recites the indictment of A. J. Hand for cattle theft, the amount of the recognizance and judgment being five hundred dollars.

*Lockett & Lockett,* for appellants.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In answer to the scire facias the sureties moved to quash the recognizance because it was more onerous than required by law, in that it bound the principal to pay five hundred dollars absolutely, without any condition as to his appearance, and did not bind the sureties in any sum. The objections to the recognizance were well taken (Wright v. The State, 22 Texas Ct. App., 670), and such seems to have been the opinion of the trial judge, for he proceeded of his own motion from *memoranda* upon his docket and his recollection to amend the recognizance *nunc pro tunc,* so as to cure its intrinsic defects in this regard. This was done without notice to the principal in the recognizance, and over objections of the sureties. The principal was the chief obligor in the recognizance, was directly interested in any matter affecting its validity, and he was entitled to notice of any proposed amendment of it. Without such notice to him it could not be legally amended. Collins v. The State, 16 Texas Ct. App., 274; Madison v. The State, 17 Texas Ct. App., 479; Ellis v. The State, 10 Texas Ct. App., 324; Williams v. Nolan, 58 Texas, 708. After amendment for intrinsic defects the recognizance, as amended, should have been forfeited as an original recognizance and by the same procedure.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.